IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3008 |
| vs. | |
| JAMES MICHAEL PAPAZIAN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 106) to the presentence report.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has, however, objected to the presentence report in several respects. Filing 106. To begin with, the defendant objects to several facts asserted in the government's version of the offense. Filing 106 at 1-2. He further objects to the presentence report's conclusion that he had an aggravating role in the offense, because he recruited others to participate. Filing 106 at 3. But most significantly, he objects to the presentence report's conclusion that he obstructed justice—and, as a result, the application of a two-level enhancement for obstruction of justice and the suggestion that the Court "evaluate his acceptance of responsibility." Filing 106 at 2-3.

The government bears the burden of proving the applicability of an enhancement to the offense level, but the defendant bears the burden of proving the applicability of a reduction to the offense level. *United States*

*v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014); *United States v. Benson*, 715 F.3d 705, 708 (8th Cir. 2013).

Accordingly, if the defendant objects to any of the factual allegations in the presentence report on an issue on which the government has the burden of proof, such as enhancements to the offense level, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). But a defendant who enters a guilty plea is not entitled to credit for acceptance of responsibility as a matter of right, and the burden is on the defendant to show that he clearly demonstrated acceptance of responsibility. *United States v. Torres-Rivas*, 825 F.3d 483, 486 (8th Cir. 2016); *see United States v. Binkholder*, 832 F.3d 923, 927 (8th Cir. 2016).

With those principles in mind, the Court will resolve the defendant's objections at sentencing.[1]

---

[1] The Court notes that despite not filing a motion for downward departure, the defendant suggests in his objection that there are grounds for departure, such as overrepresentation of his criminal history and information proffered to authorities. Filing 106 at 3-4. He also mentions "physical and psychological factors including [his] gambling addiction," filing 106 at 4, although the Guidelines expressly provide that "[a]ddiction to gambling is not a reason for a downward departure," U.S.S.G. § 5H1.4. Nonetheless, the Court will determine at sentencing whether the defendant met his burden of proving the appropriateness of any downward departure. *See United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993); *United States v. Almazan*, 908 F. Supp. 2d 963, 969 (N.D. Iowa 2012); *see also United States v. Torres*, 563 F.3d 731, 734 (8th Cir. 2009). And, of course, the Court will independently apply the § 3553(a) factors to all the evidence.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge