IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3008 |
| vs. | ORDER |
| JAMES MICHAEL PAPAZIAN, | |
| Defendant. | |

This matter is before the Court on two motions: a motion to extend the limitation period for filing a motion pursuant to 28 U.S.C. § 2255 (filing 142) and a motion for copies (filing 143). The Court will deny both motions.

To begin with, the Court will deny the motion to extend because it is premature, but will do so without prejudice to the defendant reasserting a request for an extension should it become necessary for him to do so. A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). The Court entered its judgment of conviction (filing 137) on August 6, 2019, and the 14-day period for taking an appeal ran on August 20, 2019. Fed. R. App. P. 4(b)(1)(A)(i). Thus, the defendant's conviction became final the next day, and the 1-year limitation period from the judgment of conviction will expire on August 21, 2020. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *see also Haroutunian v. I.N.S.*, 87 F.3d 374, 377 (9th Cir. 1996).

But that is not the only way in which the 1-year period of limitation can be calculated. The limitation period runs from the *latest* of

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f) (emphasis in original). So, if the defendant's § 2255 motion were to be impeded by an unconstitutional or unlawful government action, or based on a newly-recognized constitutional right, or supported by facts that could not have been discovered until after the judgment of conviction became final, then it is possible that the motion *might* be timely even if filed after August 21, 2020. But the Court cannot make that determination without knowing the basis of the defendant's § 2255 motion.

Furthermore, when *extraordinary circumstances beyond a petitioner's control* prevent a timely filing, equitable tolling of the 1-year limitation period may be appropriate. *Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). The defendant explains that as a result of the COVID-19

pandemic, his access to the law library has been limited, preventing him from completing his motion. Filing 142. Such circumstances *might* be found to warrant equitable tolling. *See Soloman v. United States*, 467 F.3d 928, 933-35 (6th Cir. 2006). On the other hand, they might not. *See United States v. Cooper*, 891 F. Supp. 2d 1071, 1075-76 (D. Neb. 2012); *Mathison v. United States*, 648 F. Supp. 2d 106, 112 (D.D.C. 2009); *cf. Anjulo-Lopez*, 541 F.3d at 817-18. And again, it is impossible to tell at this point, because until the defendant's hypothetical motion is actually filed, the Court cannot determine whether it was diligently pursued. *See Deroo*, 709 F.3d at 1246.

To summarize: the "safe harbor" for the defendant's § 2255 motion is August 21, 2020. As explained above, a motion filed after that date *might* nonetheless still be timely (and the Court emphasizes *might*). But the Court cannot make that determination in advance based on incomplete facts. So, the Court must deny the defendant's premature request for an extension of the 1-year period of limitation. But the Court will do so without prejudice: if the defendant files a § 2255 motion after August 21, he can argue at that time why the Court should extend the 1-year period of limitation.

The defendant is also requesting free copies of his "transcripts and documents." Filing 143. But the defendant has not provided any proof that he is indigent, nor does he have the right to receive copies of documents without payment, even if he is indigent. *See,* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980).[1] Nor is the defendant's general

---

[1] An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous and the transcript is needed to decide the issue presented by the suit. 28 U.S.C. § 753. But any request for a free transcript prior to the filing of a § 2255 motion is premature. *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995).

- 3 -

request for "transcripts and documents" specific enough for the Court to provide the defendant anything. So, the Court will ask the Clerk of the Court to send him a copy of his docket sheet: when he identifies the particular filings he wants, the Clerk can tell him how much it would cost to obtain them, and he may pay the Clerk for the copies he requests.

IT IS ORDERED:

1. The defendant's motion to extend (filing 142) is denied.

2. The defendant's motion for copies (filing 143) is denied.

3. The Clerk of the Court shall provide the defendant with a copy of his docket sheet along with a copy of this order.

Dated this 27th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge