IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3008 |
| vs. | MEMORANDUM AND ORDER |
| JAMES MICHAEL PAPAZIAN, | |
| Defendant. | |

The defendant has filed a *pro se* motion (filing 152) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a defendant (after exhausting his administrative remedies) to move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A)(i). And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The Court finds that the defendant has sufficiently exhausted his administrative remedies by presenting a request for compassionate release to the warden of his institution. Filing 153 at 11-12; *see United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *2 (D. Neb. May 26, 2020). The Court also finds that the defendant has alleged health conditions that *might* establish an enhanced risk for COVID-19. *See* filing 153 at 6-7; filing 128 at 17. Nonetheless, the defendant has not shown extraordinary and compelling reasons to reduce his sentence.

Even assuming the defendant's vulnerability to COVID-19, the § 3553(a) factors bar his release. The defendant was sentenced 14 months ago to 292 months' imprisonment. Filing 137. And he earned that sentence by conspiring to distribute large quantities of methamphetamine while on work release from state prison, and then attempted witness tampering after he was charged in this case. Filing 128 at 4-8. And the defendant's criminal history is equally substantial. *See* filing 128 at 11-15. While the defendant claims that his 9½ years of imprisonment has "transformed him," filing 153 at 8, it's difficult for the Court to credit that argument when he committed this crime both during and after the bulk of that imprisonment.

Simply put, there is nothing that will persuade the Court, considering the nature and circumstances of the offense and the history and characteristics of the defendant, that reducing his sentence at this point would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public. *See* § 3553(a). Accordingly,

IT IS ORDERED:

1. The defendant's motion for compassionate release (filing 152) is denied.

2. The defendant's motion to appoint counsel (filing 154) is denied.

3. The Clerk of the Court shall provide a copy of this order to Supervising U.S. Probation Officer Aaron Kurtenbach.

Dated this 7th day of October, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge