IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3008 |
| vs. | MEMORANDUM AND ORDER |
| JAMES MICHAEL PAPAZIAN, | |
| Defendant. | |

This matter is before the Court upon initial review of the motion to vacate under 28 U.S.C. § 2255 (filing 151) filed by the defendant, James Papazian. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged in 2018 with several counts relating to methamphetamine, and ultimately pleaded guilty to conspiracy to distribute 50 grams or more of actual methamphetamine. Filing 1; filing 92. The plea agreement was non-binding pursuant to Fed. R. Crim. P. 11(c)(1)(B), providing with respect to the sentence that the government would "recommend that defendant be sentenced to the low end of the advisory guideline range as determined by the Court at sentencing." Filing 92 at 4-5.

The presentence report ultimately recommended a total offense level of 38 and a criminal history category VI, resulting in a Guidelines range of 360 months to life imprisonment. Filing 128 at 19. The Court sustained the defendant's objection to the presentence report in part, reducing the total offense level to 35 for a Guidelines range of 292 to 365 months' imprisonment. Filing 138 at 1. The Court sentenced the defendant to 292 months' imprisonment. Filing 137. This motion followed. Filing 151.

## DISCUSSION

The defendant's motion presents several claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

### 1. FAILURE TO ADVISE OF PLEA OFFER

The defendant's first claim is that trial counsel was ineffective in failing to make him aware that the government proposed a binding Rule 11(c)(1)(C) plea agreement providing for a sentence of 270 months. Filing 151 at 4. The defendant alleges that had he been made aware of such an offer, he would have accepted it. Filing 151 at 4.

As a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014). To show a breach of that duty, the defendant must demonstrate a reasonable possibility that he would have accepted the offer if afforded effective assistance of counsel, and a

reasonable possibility that the plea would have been entered without the government canceling it or the trial court refusing to accept it. *Frye,* 132 S. Ct. at 1409; *Ramirez,* 751 F.3d at 608.

That could be a tough climb, even if the defendant can substantiate the facts he alleges. The Court particularly notes that the defendant engaged in attempted witness tampering and other suspect conduct *after* entering a guilty plea, *see* filing 126 at 10-13, which pursuant to plea agreement boilerplate could have resulted in the government being relieved of its obligations under the plea agreement, *see* filing 92 at 5. But the defendant has at least alleged a *Frye* violation, and the Court cannot resolve this claim without an evidentiary hearing. *See Mayfield v. United States,* 955 F.3d 707, 711-13 (8th Cir. 2020).

### 2. FAILURE TO DISCLOSE COOPERATING WITNESS AGREEMENT

The defendant also alleges that he was denied due process because a cooperating witness testified against him at sentencing in support of the sentencing enhancement based on witness tampering. Filing 151 at 5. He found out in January 2020, he says, that a separate charge against her was later dismissed.[1] Filing 151 at 5. If that was part of an agreement that wasn't disclosed by the government, he argues, he was denied due process because "would have affected her credibility" resulting in a reasonable probability that "this enhancement would not have been proven." Filing 151 at 5.

There is no such reasonable probability. The cooperating witness had, in 2019, been separately indicted for witness tampering arising from her

---

[1] The Court assumes, *arguendo*, that this claim was not procedurally defaulted because the defendant didn't learn of the factual basis for it until after the judgment was final, providing cause for the default. *See United States v. Moss,* 252 F.3d 993, 1000 (8th Cir. 2001).

association with the defendant.[2] The undersigned was also the presiding judge in that case, and was aware of its pendency when the cooperating witness testified at the defendant's sentencing. And the defendant even acknowledges that "during her testimony at [his] sentencing hearing she testified something to the effect that she might receive a misdemeanor in exchange for her testimony." Filing 151 at 5.

The existence or non-existence of a formal "agreement" would not have affected her credibility in this case: the Court was aware of her indictment and is well aware of how cooperation works. And beyond that, the defendant's attempts to obstruct justice were well-established and fully documented. There is simply *no* likelihood that the disclosure of any more formal cooperation agreement would have affected the Court's Guidelines calculations, much less the defendant's sentence.

### 3. FAILURE TO PRESENT MITIGATING EVIDENCE

Next, the defendant claims that when he was removed from work release in state custody on July 17, 2017 and moved to the state Diagnostic and Evaluation Center, he actually tried to tell the D&E supervisor about the methamphetamine that, he says, led to the offense conduct in this case. Filing 151 at 6. His sentencing counsel, he says, was made aware of this "mitigating" evidence, but didn't raise it in a motion for downward variance which he says might have resulted in a lower sentence. Filing 151 at 7.

Again, there is no reasonable probability that would have occurred. Even if such evidence had been presented and credited by the Court, the defendant's account would have been that he *tried* to surrender his methamphetamine, but when nobody listened he tried to distribute it instead. *See* filing 128 at 5. That's

---

[2] *See* case no. 4:19-cr-3042.

not even slightly mitigating (let alone believable), and wouldn't have affected his sentence at all.

### 4. FAILURE TO CORRECT PRESENTENCE REPORT

Finally, the defendant contends that sentencing counsel was made aware of an alleged error in the presentence report relating to two Hall County offenses that he was sentenced for on the same day, and for which he served concurrent sentences. Filing 151 at 8; *see* filing 128 at 14-15. He claims that they were assigned 4 criminal history points, but should only have been assigned 2 points. Filing 151 at 8. He concedes that didn't affect his criminal history score, but claims they "had an adverse impact on [his] security classification within the BOP." Filing 151 at 8.

To begin with, the defendant is wrong about the counting: even when a court imposed concurrent sentences, prior sentences are counted *separately* if the sentences were imposed for offenses that were separated by an intervening arrest. U.S.S.G. § 4A1.2(a)(2); *see United States v. Harvey*, 617 F. App'x 592, 594 (8th Cir. 2015). Here, both charges were for assault by a confined person, *see* filing 128 at 14. In other words, the defendant was literally arrested as soon as he was charged with the first offense. *See United States v. Armstrong*, 782 F.3d 1028, 1036-37 (8th Cir. 2015); *see also United States v. Mohammed*, 150 F. App'x 887, 889 (10th Cir. 2005); *United States v. Lancaster*, 137 F. App'x 316, 319 (11th Cir. 2005).

But even if there was an error, it's not cognizable as ineffective assistance of counsel: to satisfy the prejudice prong of *Strickland*, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the *proceeding* would have been different. *Gregg*, 683 F.3d at 944. The "proceeding" was his criminal judgment, not his BOP classification.

CONCLUSION

The Court has completed its initial review of the defendant's § 2255 motion. The files and records conclusively establish that three of the defendant's claims are without merit. But his first claim—that he received ineffective assistance of counsel when his counsel allegedly failed to advise him of an offered plea agreement—is not contradicted by the current record. An evidentiary hearing is required to resolve that claim.

IT IS ORDERED:

1.  As set forth above, the defendant's second, third, and fourth claim are without merit and will be dismissed with prejudice. The Court will hold an evidentiary hearing on the remaining claim.

2.  Counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge of whether they wish to file any pre-hearing briefs or evidentiary materials.

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge