IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3008 |
| vs. | MEMORANDUM AND ORDER |
| JAMES MICHAEL PAPAZIAN, | |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 183) to the Magistrate Judge's findings and recommendation (filing 182) that the defendant's motion to vacate under 28 U.S.C. § 2255 (filing 151) be denied. The Court has conducted a de novo review of the motion pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees with the Magistrate Judge's findings and recommendation, and will adopt them.

The Court's review is limited to the defendant's first claim—that he received ineffective assistance of counsel when his counsel allegedly failed to advise him of an offered plea agreement—because the Court has already explained why his other claims are without merit. Filing 156. In his objection, the defendant's argument has narrowed to whether he was informed of a renewed 270-month binding plea agreement immediately prior to sentencing. *See* filing 184 at 1-2. According to the defendant, the "threshold question" is,

> if counsel told the Defendant that they have abandoned the "fight" over the sentencing enhancements, and he was told about the renewed 270 month agreed sentence, why would the defendant not have agreed to accept the offer when the best he could hope for was a 292-month guideline sentence? It defies credulity to believe that

> if he was advised of the offer *at that time* he would have rejected it.

Filing 184 at 4.

To the contrary, the Court finds it entirely credible that the defendant would, at that time, have made a bad decision: the record amply demonstrates not only the defendant's persistent refusal of what would have been a favorable plea agreement, but his general propensity for making bad decisions. The record also demonstrates, quite conclusively, the defendant's own complete lack of credibility. And the Court finds no reason to believe that with full knowledge of the circumstances, defense counsel would not have communicated an extremely favorable plea offer to the defendant, as he clearly testified he had done.

Like the Magistrate Judge, the Court finds defense counsel's testimony more credible: that defense counsel communicated the plea offer to the defendant, but the defendant unwisely rejected it. Accordingly, the Court finds that the defendant has not proven his remaining claim for postconviction relief.

A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). With respect to the defendant's first claim, the disposition of which rests on assessing the credibility of the witnesses, a certification of appealability is appropriate.

IT IS ORDERED:

1. The defendant's objection (filing 183) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 182) are adopted.

3. The defendant's motion to vacate under 28 U.S.C. § 2255 (filing 151) is denied.

4. The Court will issue a certificate of appealability in this matter as to the defendant's first claim: that he received ineffective assistance of counsel when his counsel allegedly failed to advise him of an offered plea agreement.

5. A separate judgment will be entered.

Dated this 31st day of August, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge