IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAMES MICHAEL PAPAZIAN,

Defendant.

4:18-CR-3008

ORDER

The defendant has filed two motions to reduce sentence, raising similar arguments. Filing 194; filing 195. The Court will deny both motions.

The defendant's primary argument seems to be based on a sentencing disparity between methamphetamine (actual) and methamphetamine mixture. *See* filing 194. The Court is well aware of that issue. *See United States v. Havel*, No. 4:21-CR-3075, 2023 WL 1930686 (D. Neb. Feb. 10, 2023). But the defendant has identified no mechanism which would authorize the Court to, in effect, reopen its factual findings and resentence the defendant.

None of the authorities he cites confer that power. To start with, 18 U.S.C. § 3582(c)(1)(A)(i) doesn't work, *see* filing 194 at 2, because the defendant hasn't identified any extraordinary and compelling reason for a sentence reduction. The closest is an "unusually long sentence," but the defendant hasn't pointed to a change in the *law* producing a disparity in the sentence he's serving and the sentence he might receive today—and even if he had, he hasn't served at least 10 years of his term of imprisonment. *See* U.S.S.G. § 1B1.13(b)(6).[1] Nor can he use 28 U.S.C. § 2255—he already filed one of those,

---

[1] To the extent the defendant is trying to rely on § 1B1.13(b)(5)—"any other circumstance or combination of circumstances"—the Court views that route as foreclosed by the more specific

*see* § 2255(h), he's well past the statute of limitations, *see* § 2255(f), and the kind of sentencing argument he's making isn't cognizable under § 2255 anyway, *see Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

The defendant's other citations fare no better. Fed. R. Civ. P. 60(b), *see* filing 194 at 2, isn't applicable in this criminal case, nor can he use it to reopen his previous § 2255 motion, *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). The defendant also invokes "the complete miscarriage of justice mechanism," filing 194 at 3, but cites no authority for such a doctrine, and the authority of which the Court is aware instructs the Court not to apply it under these circumstances, *see Sun Bear*, 644 F.3d at 706.

The defendant separately invokes U.S.S.G. § Amend. 821, and the retroactive adjustment for "status points" used in determining his criminal history. *See* filing 195. The defendant did receive two status points. *See* filing 128 at 15. But he had a criminal history score of 14 without them. *See* filing 128 at 15. That's criminal history category VI with or without the status points, and no basis for a reduced sentence.

IT IS ORDERED that the defendant's motions to reduce sentence (filing 194; filing 195) are denied.

Dated this 14th day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

provisions of § 1B1.13(b)(6), which are plainly applicable to the grounds for his argument and are just as plainly not satisfied.